**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:21-CV-00123-JHM**

**MATTHEW CLIFTON**                                                                        **PLAINTIFF**

**V.**

**RURAL KING HOLDINGS, LLP**                                                   **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Rural King's Motion for Judgment on the Pleadings [DN 8-1]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

Plaintiff Matthew Clifton was convicted of a felony offense in 2013. Thereafter, in June 2021, he applied for a job as a cashier at Defendant Rural King's store in Madisonville, Kentucky. [DN 1-2 at 2]. While they awaited the results of Plaintiff's background check that was part of his application for employment, Defendant allowed Plaintiff to begin working in late June 2021. *Id.*

While on the job, unloading pallets, he began to experience pain in an area where he had previously undergone surgery to repair a hernia. His doctor recommended he undergo another surgery. *Id.* Thereafter, Plaintiff reported his prior hernia injury and need for surgery to Rural King and "inquired about [Rural King's] policies regarding time off for surgery, workers compensation, and short-term disability." [DN 1-2 at 3]. One day after his inquiry, on or around July 21, Plaintiff alleges that he was called into the office and terminated by Rural King—the stated reason being that the results of his background check came back and revealed his status as

1

a convicted felon. *Id.* Clifton insists that Rural King knew of his felon status for several weeks, since the beginning of July, and that the true reason he was fired was due to the prospect of Rural King having to accommodate for his injury and in retaliation for his pursuit of workers' compensation. *Id.* In his Complaint, Mr. Clifton brings three different statutory claims against Rural King: claims of disability discrimination (KRS § 344.040) and failure to accommodate (KRS § 344.010(4)) under the Kentucky Civil Rights Act (KCRA) and retaliation for pursuing a workers' compensation claim under KRS § 342.197.

Rural King moved for a judgment on the pleadings, arguing that Clifton had failed to plead sufficient factual detail giving rise to a plausible claim for relief. It alleges that Clifton did not plead sufficient facts supporting any of the following claims: that he was a "qualified individual with a disability" under the KCRA, that he would be able to work with reasonable accommodations, or that he would only be on medical leave for a specified, temporary amount of time. [DN 8-1]. The case should be dismissed, it argues, because Clifton merely restated the statutory elements of causes of action under the KCRA without providing "any further factual enhancement" as required under the federal pleading standards. Rural King further argues that Clifton did not validly file or pursue a workers' compensation claim (a "statutorily protected activity")—thus precluding his retaliation charge—because he did not put Rural King on notice of his work-related re-injury. [DN 12]. Rural King also asks the Court to dismiss the retaliation charge at this stage because Clifton failed to plead that his workers' compensation inquiry was the "but-for" cause of his termination. *Id.*

This Court has proper subject-matter jurisdiction over this case, as the parties are diverse and are both in agreement that the amount-in-controversy exceeds the jurisdictional limits of this Court. [DN 6 at 1–2].

2

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion for judgment on the pleadings "is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001)); Fed. R. Civ. P. 12(b)(6), (c). Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id.* at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," *id.* at 679. Instead, the allegations must "'show[] that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Initially, Plaintiff argues that the plausibility pleading requirement established by *Twombly* and *Iqbal* should not apply here and that his Complaint should be judged by the less stringent "notice pleading" standard. Plaintiff argues that the plausibility standard established by

3

those cases only applies to certain areas of the law and is inapplicable to civil rights claims like his own. [DN 11 at 5–7]. The Plaintiff is incorrect. The plausibility requirement applies to all civil proceedings in federal district court, including those removed from state courts. *Vanhook v. Somerset Health Facilities, LP*, 67 F. Supp. 3d 810, 816 (E.D. Ky. 2014). Thus, Mr. Clifton's allegations against Rural King will be judged according to the plausibility standard like every other case in federal court.

A. **Disability discrimination**

KRS 344.040(1)(a) makes it "an unlawful practice for an employer: to fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, … because the person is a qualified individual with a disability." In the pleading phase, Plaintiff is not yet required to prove a *prima facie* case. To survive a motion to dismiss and proceed to discovery, Mr. Clifton need only state facts that *plausibly allege* "each essential element" of his claim for disability discrimination under the KCRA. *See Holland v. Red River Trucking, LLC*, No. 10-CV-218-JMH, 2011 WL 2417129, at *3 (E.D. Ky. June 10, 2011) (emphasis added). The first of these "essential elements" is whether Clifton alleges a "disability" under KRS 344.010(4). The KCRA defines "disability" as "[a] physical or mental impairment that substantially limits one or more of the major life activities of the individual." *Id.* Three factors are considered in determining whether an impairment substantially limits a "major life activity:" (1) the duration of the impairment, (2) the nature and severity of the impairment, and (3) the permanent or long-term impact resulting from the impairment. *See Larison v. Home of the Innocents*, 551 S.W.3d 36, 44 (Ky. Ct. App. 2018) (holding that "most, if not all, temporary impairments" are not disabilities under the KCRA). Clifton's complaint did not contain any

detail about his "disability" other than to state that pain from his previous hernia returned while working and that his doctor recommended surgery. In his response to this motion, he stated that his hernia "impacted his ability to walk, perform manual tasks, and work." [DN 11 at 15]. "The district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citations omitted). Plaintiff's response to the motion may not qualify as an amendment to his Complaint. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:07-0979, 2008 WL 3163531, at *6 (M.D. Tenn. Aug. 4, 2008). Therefore, the court will consider only the allegations set forth in the Complaint. In so doing, the Court finds the allegations insufficient to plausibly suggest Clifton's injury "substantially limit[ed]" a major life activity.

Furthermore, Mr. Clifton must allege facts suggesting that he was a "qualified individual with a disability," meaning that "despite the disability, he was otherwise qualified to perform the essential functions of the job in question, either with or without reasonable accommodation." *Larison*, 551 S.W.3d at 41. Nowhere in his Complaint does he allege facts to suggest that is the case. He alleges no facts to suggest that, despite his impending surgery, he was still able to continue doing his job in some capacity at Rural King. Clifton also failed to mention any "reasonable accommodations" that would enable him to continue performing his duties as an employee. In *Larison*, the Kentucky Court of Appeals wrote that medical leave from work is not a "reasonable" accommodation unless the employee requesting leave assures his employer that it is for a definite period or that he will be able to perform the essential functions of his job in the "near future." *Id.* at 45–46. Here, Clifton never provided a date in which he could return to work; he only requested an indefinite amount of time off for his surgery. Accordingly, his

disability discrimination claim under the KCRA fails because he did not plead plausible facts for this second element.

Clifton failed to allege plausible facts for the final element of this claim as well. In addition to the foregoing elements, the KCRA also requires plaintiffs to show that they were replaced by a non-disabled person or that similarly situated non-disabled employees were treated more favorably. Clifton never alleged any facts relevant to this final element of his disability discrimination claim.

Accordingly, Clifton's claim for disability discrimination under KRS § 344.040 is dismissed.

### B. Failure to accommodate

To satisfy the federal pleading standard to state a claim of Rural King's failure to accommodate Clifton's disability, Clifton must allege facts that plausibly suggest: (1) he had a disability within the meaning of KRS 344.010(4); (2) despite the disability, he was otherwise qualified to perform the essential functions of his job at Rural King, with or without reasonable accommodation; (3) that Rural King knew or had reason to know about his disability; (4) that he requested an accommodation; and (5) that Rural King failed to provide the necessary accommodation. *See Larison*, 551 S.W.3d at 45 (citing *Brown v. Humana Insurance Co.*, 942 F. Supp. 2d 723, 731 (W.D. Ky. 2013)).

Clifton's claim for failure to accommodate under the KCRA fails for the same reason his disability discrimination claim does. Even if he had plausibly pleaded that he had a disability (which he did not), Clifton failed to state facts suggesting that he could still carry out his job duties with reasonable accommodations. Under Kentucky case law, a request for medical leave can qualify as a request for a reasonable accommodation only under certain circumstances. The

first limit is clear: the employee must provide the employer with an estimated return date—that is, a date in which he or she can resume their essential duties. *Id.* The second limitation of a request for medical leave is that the employee must provide assurance to the employer that he or she can indeed perform the essential functions of their job in the future. *Id.* Nowhere in the Complaint can the Court find any statement, or suggestion, that Clifton's medical leave would be definite, or temporary. *See id.* at 46 (holding that a plaintiff failed to state a claim under the same statute because she could not show that her medical leave was for a definite period); *see also Maat v. County of Ottawa, Michigan*, 657 Fed. App'x 404, 413 (6th Cir. 2016) ("Because [plaintiff's] requested leave was not definite in duration, it could not have been a reasonable accommodation under the law of this circuit."). For these reasons, Clifton has failed to state a plausible claim for failure to accommodate under the KCRA. Accordingly, the Court dismisses this claim on the pleadings.

### C. Retaliation

Finally, Clifton makes a retaliation claim under KRS § 342.197, which prohibits employers from harassing, coercing, discharging, or discriminating against an employee in any manner for "filing and pursuing" a lawful workers' compensation claim. *Id.* To plausibly allege a violation of this statute, Clifton must plead facts that credibly suggest: (1) that he engaged in a statutorily protected activity (like "filing and pursuing" workers' compensation benefits), and (2) that he would not have been terminated but for his engagement in that activity. *See Bishop v. Manpower, Inc. of Cent. Kentucky*, 211 S.W.3d 71, 75 (Ky. Ct. App. 2006).

Regarding the first element of a retaliation claim, Kentucky courts have consistently held that the statutory requirement to "fil[e] and pursu[e]" a workers' compensation claim does not mean an employee must file a formal claim for compensation. An employee can maintain an

action for retaliatory discharge when the employer discharged the employee after the occurrence of a compensable injury but prior to the employee instituting formal compensation proceedings. *See Overnite Transp. Co. v. Gaddis*, 793 S.W.2d 129, 130 (Ky. Ct. App. 1990). In Kentucky, it is possible for a worker to draw workers' compensation benefits without ever filing a claim for compensation. *Id.* at 132. To hold otherwise would be to unduly restrict the statute's application, contrary to the intent of the Kentucky legislature. *Id.* at 130 ("In the face of such a requirement, an employer could, upon receipt of any notice that an employee intended to file for workers' compensation benefits, fire the claimant and avoid the consequences of KRS 342.197 entirely."). The legislature's intent was to protect people who are entitled to benefits under the workers' compensation laws and to prevent them from being discharged "for taking steps to collect such benefits." *Id.* An employee can obviously take steps to collect these benefits short of filing a formal claim—like notifying their employer of a workplace injury. This in turn places employees who have filed *or* are pursuing a lawful claim for workers' compensation benefits within the protective ambit of the statute. *Id.* at 132.

Clifton plausibly alleged in his Complaint that he was pursuing a lawful claim for workers' compensation. He was injured at work, re-aggravating his hernia pain, and asked his employer about their policies for medical leave so he could get surgery for it. Clifton's factual allegations that he (a) experienced a work-related injury (while unloading pallets), and (b) then told Rural King about his pain when inquiring about their policies are sufficient to credibly suggest that he was in the process of pursuing a workers' compensation claim and notified his employer appropriately to that end.

The second element of a retaliation claim under this statute is but-for causation. Rural King argues that Clifton failed to plausibly allege this in his Complaint because he

acknowledged that Rural King had a viable, non-retaliatory basis to terminate him based on his revealed status as a felon. However, Clifton never admitted that his felony status was an independent and legitimate reason to fire him. Rather, he alleged that Rural King merely used his felony status as a pretext to fire him for other (improper) reasons.

Clifton alleged that Rural King fired him the day after he first inquired about medical leave for his injuries. In Kentucky, temporal proximity alone can be sufficient grounds for a circumstantial showing of causation in claims for retaliation. Circumstantial evidence of a causal connection is "evidence sufficient to raise the inference that [the] protected activity was the likely reason for the adverse action." *Kentucky Dept. of Corrections v. McCullough*, 123 S.W.3d 130, 135 (Ky. 2003); *see also Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000). In most cases, this circumstantial evidence requires proof that (1) the employer was aware of the protected activity when the adverse decision was made, and (2) there is a close temporal relationship between the protected activity and the adverse action. *Id.* Close temporal proximity alone may be sufficient to raise the inference, because "the sooner adverse action is taken after the protected activity, the stronger the implication that the protected activity caused the adverse action …" *Id.* (quoting Justin P. O'Brien, *Weighting Temporal Proximity in Title VII Retaliation Claims*, 43 B.C. L. Rev. 741, 749 (May 2002)).

Although there is no bright-line rule as to how close in time an adverse employment action must be to an employee's protected activity to establish a causal connection by temporal proximity alone, the case law consistently holds that if the adverse action came mere days after the protected activity, that is sufficient to make an indirect showing of causation. In *McCullough*, the Kentucky Supreme Court held that temporal proximity exists when just three days passed between an employee's protected activity and the employer's refusal to promote her.

*Id.* at 136. In *MacGlashan v. ABS Lincs KY, Inc.*, this Court held that an employee's suspension on the same day as her protected activity, followed by her termination six days later, was "immediate" enough to establish a causal connection without additional evidence. 84 F. Supp. 3d 595, 601 (W.D. Ky. 2015). In *Asbury University v. Powell*, the Kentucky Supreme Court found that the month that passed between an employee's gender-based complaints to her employer in January and the adverse employment actions in February was a sufficiently short period to establish temporal proximity. 486 S.W.3d 246, 259 (Ky. 2016). Kentucky law closely tracks with Sixth Circuit precedent on temporal proximity in federal anti-retaliation suits involving Title VII and the ADA, as well as in state anti-retaliation suits. In *Mickey v. Zeidler Tool & Die Co.*, the Sixth Circuit held that a same day firing of an employee following protected activity supported an inference of causation. 516 F.3d 516, 525 (6th Cir. 2008). The Sixth Circuit has even found in numerous cases, albeit not uniformly, that a two-month lapse or longer may be sufficient to satisfy a plaintiff's *prima facie* case of retaliation based on temporal proximity alone. *See, e.g.*, *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 776–77 (6th Cir. 2018); *Dye v. Office of the Racing Comm'n*, 702 F.3d 286, 306 (6th Cir. 2012); *Goller v. Ohio Dept. of Rehab. & Corr.*, 285 Fed. Appx 250, 257 (6th Cir. 2008); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 563 (6th Cir. 2004) (holding that a three-month lapse of time was sufficient).

This Court gives no opinion at this juncture about the merits of Mr. Clifton's *prima facie* case for retaliation under Kentucky law. The discovery process will further illuminate the merits of his claim. The Court only offers the foregoing authorities to show that Mr. Clifton satisfied his burden on the pleadings to suggest that Rural King's next-day termination of him after he inquired about workers' compensation (DN 1-2 at 3) was *plausibly* an act of retaliation. Of

10

course, Rural King may disprove this allegation in discovery with evidence showing that they had independent grounds to terminate Mr. Clifton separate from his pursuit of workers' compensation, which Mr. Clifton then may rebut with his own evidence showing that it was pretextual. But this will all be assessed at the summary judgment stage, or at trial, should the parties choose to continue the litigation. For the time being, the Court must only decide whether Mr. Clifton has alleged enough facts to support a plausible inference that Rural King retaliated against him in violation of KRS § 342.197. Unlike his other two claims in this lawsuit, Mr. Clifton has done so.

Accordingly, Clifton's claims for disability discrimination and failure to accommodate under the KCRA are dismissed for failure to state a claim, but his retaliation claim may continue.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Rural King's Motion for Judgment on the Pleadings [DN 8-1] is **GRANTED IN PART** and **DENIED IN PART**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 28, 2022

cc: Counsel of Record